18

(No. 13770—Decided April 29, 1966.)

Common Pleas Court of Meigs County.

*Messrs. Webster & Fultz*, for plaintiff.
*Messrs. Crow, Crow & Porter*, for defendant.

BACON, J. Partition filed May 22, 1965, by James Brannon with prayer for an accounting by the defendant cotenant, Melanie Adkins. He elected to take the property at its appraised value, $3,500, which he paid to the sheriff. After taxes, costs, and payment of the sum owed by the owners to her mother, there remains $489.

They were married in 1958; divorced by decree of this court October 8, 1963. Division of their real estate they settled as follows:

It further appearing to the court, upon the evidence adduced and by agreement of the parties, that the plaintiff and defendant are the owners of certain home real estate located in Olive Township, against which there is a mortgage in the approximate amount of $1,800, in which the defendant is now residing, and which home the parties anticipate selling as soon as a purchaser for an agreeable price can be obtained, it is ordered that when said real estate is sold that the purchase price received therefor shall be applied, first, as to the costs of the sale; second, the amount then due on the mortgage indebted-

ness against the same; third, the sum of $500 to the defendant herein; fourth, to the plaintiff the amount of money that he may pay on said mortgage from July 15, 1963, until said property is sold; and, fifth, the balance of said purchase price shall be divided equally between the plaintiff and the defendant. Until said real estate is sold, the defendant shall have the right to reside therein, without paying any rent therefor, but should she reside elsewhere and said property be rented, then the plaintiff and defendant are each entitled to one-half of the rental thereof.

Under this agreement she is entitled to the entire sum of $489, unless some adjustment is required by reason of use and occupancy of the premises by her and persons claiming under her.

She occupied the five-room house on the premises from October 8, 1963, until October 17, 1965. When she married James Adkins April 10, 1964, he commenced to reside there, and March 28, 1965, one Charles Brown, kin of Adkins, joined them in the occupancy. There is no evidence that the addition of Adkins and Brown to the household resulted in waste or damage to the dwelling.

Plaintiff first made known his objection to the added occupancy in the averments of the partition petition. He says that such violates the agreement that until the home was sold "the defendant" could reside therein, without paying any rent.

A tenant in common who enjoys sole possession is liable to account to his cotenants for their share of the reasonable rental value of such use. But it was this very right which plaintiff contracted to forego. He engaged that defendant could "reside" in the dwelling rent free, and he attached only one condition—if she resided elsewhere and rented the premises to another, they were to share the rental equally.

They contracted under the sanction of the code and with the approval of the court. His own contract defines the steps to take to distribute the fund; i. e., to divide their property according to the decree. If he did not attach other conditions to the right he granted defendant to use the dwelling as her residence, this court can not now impose them.

As written, he bargained that she use the premises as her abode, no limitation upon her use as such. She was not com-

pelled, then, to consult him concerning the identity of her relatives, guests and invitees, as she chose to allow them access to her home. Divorced, each was free to remarry. Indeed, the contract itself contemplated remarriage, making certain provisions in the event ''defendant remarries,'' if, at such time, ''plaintiff is a single person.''

If he desired and she agreed, it could have been concisely stated that her use terminate upon her remarriage. To one experienced in these matters, the thought occurs that such actually was his desire and he proposed it, but she would not agree. That it was purposely left out and no limitation made upon her use other than the one to which she agreed. There being only one condition upon the right he conferred, it must be concluded there were no others. *Expressio unius est exclusio alterius.*

In their negotiations they considered the possibility of remarriage, in fact, its probability. Its actual occurrence, then, can in no way qualify any of the rights granted or obligations engaged by the contract. To believe that if defendant remarried, her new husband would reside away from her, would constitute a degree of naivete that would do one little credit.

As the English philosopher, Thomas Hobbes, said: ''The definition of injustice is no other than the not performance of covenant.''

''Justice'' and ''equity'' are substantially equivalent terms, if not synonymous. Equity imputes an intention to fulfil an obligation.

The proceeds in the hands of the sheriff must be distributed in accordance with the court's decree of October 8, 1963, that is, to the defendant. This is also as the plaintiff so agreed. The court further finds that the defendant is not required to account to plaintiff for her use of the dwelling or use by the members of her household after her remarriage.

Let an entry be prepared in conformity to this opinion.

*Judgment accordingly.*